# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY P. MONAHAN and CANDY D. MONAHAN, as Husband and Wife as Joint Tenants,<br><br>                Plaintiff,<br>vs.<br><br>DECISION ONE MORTGAGE COMPANY, a Business Entity, form unknown; STEWART TITLE OF CALIFORNIA, a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Business Entity, for unknown, and DOES 1-20 inclusive,<br><br>                Defendants. | CASE NO. 10-CV-2078-H (RBB)<br><br>**ORDER GRANTING DEFENDANT STEWART TITLE OF CALIFORNIA'S MOTION TO DISMISS** |

On October 6, 2010, Plaintiffs Jeremy P. Monahan and Candy D. Monahan brought this action against Defendants Decision One Mortgage, Stewart Title of California ("Stewart Title"), and Mortgage Electronic Registration Systems, Inc. (Doc. No. 1.) On December 16, 2010, Defendant Stewart Title filed its motion to dismiss the complaint for failure to state a claim. (Doc. No. 15.) On January 21, 2011, the Court submitted the motion on the papers. (Doc. No. 18.) To this date, Plaintiffs have not yet filed an opposition. After due consideration, the Court GRANTS Defendant Stewart Title's motion to dismiss.

## BACKGROUND

Plaintiffs own real property located at 10535 Dabney Drive, San Diego, CA 92126 (the

1  "Property"). (Compl. ¶ 2.) Plaintiffs entered into a loan repayment and security agreement
2  on or about September 18, 2006 with Defendant Decision One Mortgage Company ("Decision
3  One"). (Id. ¶ 3.) Under this agreement, Plaintiffs were to repay a loan of $600,000 to Decision
4  One.[1] (Id. ¶ 20.) The note was secured by a First Trust Deed on the Property. (Id.) Plaintiffs
5  allege that Stewart Title is the original escrow/title company for the loan. (Id. ¶ 6.)

6  Plaintiffs allege that Defendants failed to perform the proper due diligence when
7  qualifying them for the loan. (Compl. ¶ 22.) First, Plaintiffs allege that Defendants did not
8  make the terms of the loan, such as the high income to liability ratio, clear and conspicuous.
9  (Id. ¶ 23.) Furthermore, Plaintiffs allege that Defendants qualified them for a loan based on
10 their credit scores and stated income, and failed to use more accurate documentation such as
11 tax forms. (Id. ¶ 25.) Plaintiffs allege that Defendants sold them a deceptive loan product
12 which they knew Plaintiffs would be unable to fully pay back. (Id.) Plaintiffs further allege
13 that Defendants committed various violations during the handling and processing of their loan.
14 (Id. ¶¶ 30-38.)

15 These violations form the basis for Plaintiffs' causes of action for: (1) declaratory
16 relief; (2) injunctive relief; (3) claim to determine the validity of a lien under Cal. Comm. Code
17 § 9313; (4) contractual breach of implied covenant of good faith and fair dealing; (5) violation
18 of TILA, 15 U.S.C. § 1601, et seq.; (6) violation of RESPA, 12 U.S.C. § 2601, et seq.; (7)
19 violation of Cal. Civ. Code § 2932.5; (8) rescission; (9) fraud; (10) unfair and deceptive
20 business act practices; (11) breach of fiduciary duty; (12) unconscionability; (13) violation of
21 Cal. Bus. & Prof. Code § 17200; and (14) quiet title. (Compl.)

## DISCUSSION

**I.     Motion to Dismiss Pursuant to 12(b)(6)**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating

---

[1] The Court notes that Plaintiffs also allege in a separate paragraph of the complaint that the amount owed is $80,000. (See Compl. ¶ 3.)

1  a claim for relief contain "a short and plain statement of the claim showing that the pleader is
2  entitled to relief." The function of this pleading requirement is to "give the defendant fair
3  notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v.
4  Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion
5  to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the
6  'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a
7  formulaic recitation of the elements of a cause of action will not do." Id. A complaint does
8  not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"
9  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557). "Factual
10 allegations must be enough to raise a right to relief above the speculative level." Twombly,
11 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp.
12 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the
13 light most favorable to plaintiff. However, conclusory allegations of law and unwarranted
14 inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein
15 v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555.

16 **II.    Federal Claims**

17     **A. Violations of TILA**

18     Plaintiffs allege that Defendants violated the federal Truth in Lending Act, 15 U.S.C.
19 § 1601, et seq. ("TILA"). (Compl. ¶¶ 61-72.) Plaintiffs allege Defendants failed to provide
20 Plaintiffs with "accurate material disclosures required under TILA." (Id. ¶ 63.) Plaintiffs
21 allege that the original mortgage lender failed to provide Plaintiffs with a correct payment
22 schedule and accurate interest rate. (Id. ¶ 65.) Plaintiffs further allege that they are entitled
23 to damages, restitution and disgorgement of profits. (Id. ¶¶ 70-71.) Plaintiffs also seek to
24 rescind the loan. (Id. ¶¶ 90-94.)

25     TILA seeks to protect credit consumers by mandating "meaningful disclosure of credit
26 terms." 15 U.S.C. §1601(a). A request for any damages under TILA is subject to a one year
27 statute of limitations, typically running from the date of the occurrence of the violation. 15
28 U.S.C. §1640(e). The doctrine of equitable tolling extends the statutory period only where,

"despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir.2000). Equitable tolling "focuses on whether there was excusable delay by the plaintiff," and "does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing." Id. The Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures at the time of loan consummation. King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). Courts then have discretion to "adjust the limitations period accordingly." Id.

Plaintiffs obtained their loan on September 18, 2006, but did not file this action until more than four years later, on October 6, 2010. Because Plaintiffs brought their TILA damages claim more than one year after the date of the occurrence of the alleged violation, the claim is time-barred. The Court concludes that Plaintiffs have not alleged sufficient facts to suggest that the claim is timely or that equitable tolling is appropriate. Plaintiffs' complaint fails to show that they were denied any "vital information bearing on the existence" of their TILA claim. See Santa Maria, 202 F.3d at 1178. Additionally, Plaintiffs do not offer any allegations indicating that they acted with "due diligence" or with "excusable delay" in bringing this action four years after the loan transaction. Id.; see also O'Connor v. Boeing N Am., Inc., 311 F.3d 1139, 1157-58 (9th Cir. 2002) (a plaintiff relying on delayed discovery or fraudulent concealment to toll limitations period must plead when and how she discovered her claim so the court can judge whether information triggering her filing had been available earlier).

To the extent Plaintiffs seek rescission under TILA, their claim is also time-barred. The remedy of rescission is available for three years under TILA, 15 U.S.C. § 1635(f), but only where a borrower is willing and able to tender the balance owed. See Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1173 (9th Cir. 2003); LaGrone v. Johnson, 534 F.2d 1360, 1392 (9th Cir. 1974). Once the three-year time limit elapses, the borrower's rescission right is "completely extinguishe[d]." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). Additionally, the

Ninth Circuit has held that a court should order the borrower to demonstrate an ability to tender as a prerequisite to considering the merits of the borrower's TILA claim. Yamamoto, 329 F.3d at 1171. Plaintiffs filed this claim four years after the closing date on the mortgage. Moreover, Plaintiffs have not alleged that they tendered, or are willing to tender, the owed amount under the loan. Furthermore, this cause of action does not appear to allege any wrongful actions by Stewart Title directly and instead only alleges violations by the mortgage lender. (See Compl. ¶¶ 65, 67-68.) Accordingly, the Court GRANTS Defendant Stewart Title's motion to dismiss Plaintiffs' TILA claim.

**B. Violations of RESPA**

Plaintiffs allege that Defendants violated the federal Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq. (Compl. ¶¶ 73-81.) Plaintiffs allege that the lender and broker failed to properly disclose the yield spread premium, and that payments to the broker and the lender were designed to create a windfall. (Id. ¶¶ 76-80.) Plaintiffs' allegations of improper fees appear to fall under section 2607 of RESPA, entitled "Prohibition against kickbacks and unearned fees," which provides:

> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C. § 2607(b).

Private actions under section 2607 must be brought within one year of the violation. 12 U.S.C. § 2614. Plaintiffs' allegations refer to conduct that allegedly took place during the origination of the loan in 2006. (Compl. ¶ 3.) The equitable tolling analysis above also applies to Plaintiffs' RESPA claim. Because Plaintiffs failed to bring this cause of action within one year after securing the loan in question, Plaintiffs' cause of action for violation of section 2607 is time-barred. Furthermore, this cause of action does not appear to allege any wrongful actions by Stewart Title directly and instead only alleges violations by the mortgage broker and lender. (See Compl. ¶ 79.) Accordingly, the Court GRANTS Defendant Stewart Title's motion to dismiss Plaintiffs' RESPA claim.

**III.    Declaratory Relief**

Plaintiffs also seek declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Compl. ¶¶ 15, 39-43.). "[T]he Declaratory Judgment Act is not a jurisdictional statute. It does not create subject matter jurisdiction where none otherwise exists. It only creates a particular kind of remedy available in actions where the district court already has jurisdiction to entertain a suit." Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir. 1970). Declaratory judgment is a remedy committed to judicial discretion. Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc., 344 U.S. 237, 241 (1952) (Declaratory Judgment Act "is an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant."); see also Zemel v. Rusk, 381 U.S. 1, 19 (1965); A.L. Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 331 (1961). Here, Plaintiffs advance no claims over which the Court has subject matter jurisdiction, and the Declaratory Judgment Act provides no independent basis for district court jurisdiction of Plaintiffs' claims. Accordingly, the Court declines to consider the declaratory judgment claim.

**IV.    Remaining State Law Claims**

In addition to the federal claims under TILA and RESPA, Plaintiffs pled the following state law claims: claim to determine the validity of a lien under Cal. Comm. Code § 9313, contractual breach of implied covenant of good faith and fair dealing, violation of Cal. Civ. Code § 2932.5, rescission, fraud, unfair and deceptive business act practices, breach of fiduciary duty, unconscionability, violation of Cal. Bus. & Prof. Code § 17200, quiet title, and injunctive relief. The case was filed in federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the TILA and RESPA claims. (Compl. ¶ 13.) The state law claims are before this court under supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (Id. ¶ 14.)

A district court may decline to exercise supplemental jurisdiction over a claim under 28 U.S.C. § 1367(c)(3) if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988). Because the Court has dismissed the federal causes of action giving rise to this Court's original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the Court GRANTS Defendant Stewart Title's motion to dismiss the state law claims.

## **CONCLUSION**

After due consideration, the Court grants Defendant Stewart Title's motion to dismiss the complaint.

**IT IS SO ORDERED.**

DATED: January 28, 2011

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT